D. H. Campbell, Clerk and Master, *v.* Evelina E. Boulton.

D. H. CAMPBELL, CLERK AND MASTER, *v.* EVELINA E. BOULTON.

1. WRIT OF ERROR AND SUPERSEDEAS. *Pauper's oath.* Writ of error may be allowed upon the pauper's oath, but no supersedeas is allowed to issue upon application in *forma pauperis*, without the express authority of the Judge, on notice to the *adverse* party to the application. Two defendants having adverse interest are not adverse *parties.*

2. SAME. *Oath before Deputy Clerk.* Under the law authorizing the Clerks of the several Courts in this State to administer oaths and take affidavits, whatever oath the Clerk may administer, his deputy may in like manner administer.

3. SAME. *Where taken.* No Statute confines or restricts the taking of the pauper oath, on the filing of a record in the Supreme Court, before the Clerk of that Court.

Case cited: Davis *v.* Dye, 5 Sneed, 679.

Code cited: §§3133, 4050.

Statutes cited: Act of 1821.

---

FROM SMITH.

---

Appeal from the Chancery Court. W. W. GOOD-PASTURE, Chancellor.

W. H. DeWITT and JAMES McHENRY for Boulton.

A. A. SWOPE for Campbell.

DEADERICK, J., delivered the opinion of the Court.

In several consolidated causes, pending in the Chan-

D. H. Campbell, Clerk and Master, v. Evelina E. Boulton.

cery Court, of Smith county, a decree was rendered in February, 1872, in favor of the Clerk and Master, Campbell, against Evelina E. Boulton, for the price of a slave purchased, as alleged, by said Evelina, for her own special use and benefit, and to be paid for by funds due her in said causes. Her husband executed his note for the price, and one Robinson became surety thereon. And by a further decree at October Term, 1872, it was declared that there still remained a balance due upon said slave of $296.24, upon which execution was issued.

Robinson having died, Sanders was appointed his administrator, and it was held, that, as between Robinson and said Evelina, she was first liable.

The execution was levied upon her dower interest in certain lands in said county, and she presented her petition for writs of error and supersedeas, in January, 1873, to one of the Judges of this Court, praying that said writs might be granted her under the pauper,s oath. Accompanying her petition is a notice to Sanders, the administrator of Robinson, that on the 17th of January, 1873, she would apply for said writs to be issued on the pauper's oath, to the Hon. Peter Turney, one of the Judges of the Supreme Court, at Chambers, at Nashville. This notice was served 11th of January, and application made in accordance thereto, on the 17th of January, and a fiat directed to the Clerk of the Supreme Court, at Nashville, commanding him to issue the writs prayed for, the petitioner having taken and subscribed the oath before the Deputy Clerk

and Master of the Chancery Court, at Carthage, on the 8th day of January, 1872.

The record was filed in this Court on the 21st of January, 1873, and, at the present Term, a motion has been made by Sanders, administrator, by his solicitor, to dismiss the writ of error and discharge the supersedeas, upon the ground, that no bond for the writs, or to secure costs, had been given, and because the pauper's oath had been taken before the Deputy Clerk and Master of the Chancery Court, at Carthage, and not before the Clerk of this Court.

It has long been the practice to allow the writ of error upon the pauper's oath, but no supersedeas is allowed to issue upon application in *forma pauperis* without the express authority of the Judge dispensing with security, and such order may be made by the Judge, only on notice to the adverse party of the application. Code, §3133.

The notice was given in this case to Sanders, administrator of Robinson. Robinson was surety on the note of A. D. Boulton, the husband of petitioner, Evelina. Judgment was rendered against both of them, that is, against said Evelina and said Sanders, administrator, etc., in favor of Campbell, administrator in said causes. They are not adverse parties, both being defendants in the judgment, and although their interests may be adverse, in that said Sanders is seeking to hold said Evelina primarily liable, and she is seeking exoneration from any liability, yet Campbell, who is plaintiff in the judgment against both, is the adverse

party to the petitioner, in the sense of that term as employed in the Statute, and he is interested to hold both liable to him upon said judgment, and the notice should have been given to him.

For this reason, we hold the notice insufficient to authorize dispensing with security under the Statute, for the issuance of the supersedeas. We hold, therefore, that the supersedeas should be discharged, unless the petitioner shall execute bond as required by law.

But upon the service of notice upon Campbell, that an application for supersedeas will be made on a day to be named, in open Court, during the present Term, it will be considered, and such order made thereon as may be deemed proper.

The affidavit, however, was sufficient authority to grant the writ of error under §4050 of the Code.

The Act of 1821 required, in express terms, that the oath should be taken before the Clerk issuing the process. It was upon the construction of this Act that the case in 5 Sneed, 679, was decided.

§4050 of the Code authorizes the Clerks of the several Courts in this State to administer oaths and take affidavits in all cases in which the authority to administer such oath is not confined to some other officer; and such power may be exercised either in vacation or Term time. And whatever oath the Clerk may administer, his deputy may, in like manner, administer.

We have not been able to find any Statute which confines or restricts the taking of the pauper oath, on

